UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **JOHNATHAN BO BASS**<br>    LA. DOC #500226<br>VS. | **CIVIL ACTION NO. 3:13-cv-2296**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES** |
| **SHERIFF MIKE TUBBS, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Pro se plaintiff Johnathan Bo Bass, an inmate in the custody of the Louisiana Department of Corrections (LDOC), proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on July 12, 2013. Plaintiff is incarcerated at the Morehouse Parish Jail (MPJ), Bastrop, Louisiana, and he complains that on occasion he found insects in his food tray. He sued Morehouse Sheriff Mike Tubbs and Corrections Officer Corporal Williams praying for an investigation of the jail kitchen and living conditions. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

*Statement of the Case*

Plaintiff is an LDOC inmate housed at the MPJ. In his complaint, he alleged that on May 18, 2013, he discovered an insect in his food tray. He submitted a grievance to the prison authorities that same day. [Doc. 1-1, p. 2]

Plaintiff also submitted a grievance dated May 23, 2013, in which he again claimed to have received a "contaminated" tray "that had harmful food on it that was spoilt" namely, a piece

of bread with mold on it. [Doc. 1-1, p. 3] Plaintiff also submitted a grievance dated June 6, 2013, in which he claimed to have discovered a dead fly in his tray. [Doc. 1-1, p. 4] Finally, he submitted a grievance dated June 10, 2013, in which he complained of finding a dead beetle in his corn. [Doc. 1-1, p. 5] Plaintiff did not allege any of these instances in his complaint.

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

*2. Cruel and Unusual Punishment*

Plaintiff is an inmate in the custody of the LDOC; he complains about four instances where his food was "contaminated" either by mold or insects. The Eighth Amendment, which prohibits the imposition of cruel and unusual punishment, requires that inmates be provided well-balanced meals with sufficient nutritional value to preserve health. *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir.1999). Thus, if the alleged deprivation of food does not deny a prisoner the "minimal measure of life's necessities," it does not violate the Constitution. *Id.* (quoting *Talib v. Gilley*, 138 F.3d 211, 213 n. 3 (5th Cir.1998). The fact that an inmate misses an occasional meal

does not necessarily implicate the inmates's constitutional rights. See *Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir.1999); *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir.1986); see also *Talib v. Gilley*, 138 F.3d 211, 214 n. 3 (5th Cir.1998) ("Missing a mere one out of every nine meals is hardly more than that missed by many working citizens over the same period.").

Plaintiff did not allege that he missed any meals; presumably, he ate the food that was not "contaminated" by insects or bread mold. Further, he saw the contaminants and therefore did not ingest them.  He does not state any additional facts that would indicate that he faced a substantial risk of harm because of the incidents in question.  Accordingly, he has failed to state a cognizable claim against defendants. *Oladipupo v. Austin*, 104 F.Supp.2d 626, 640 (W.D.La. 2000); *Talib v. Gilley, supra.*  His claim is clearly frivolous.

Additionally, plaintiff described no physical or psychological injury resulting from the conditions complained of. Since plaintiff has not alleged even *de minimis* physical injuries, his claim is legally without merit. *See Herman v. Holiday*, 238 F.3d 660, 666 (5th Cir.2001) (holding that a plaintiff was not entitled to money damages as a matter of law on his claim for mental and emotional stress due to an increased risk of illness, cold showers, cold food, unsanitary dishes, insect problems, inadequate clothing, and the presence of an open cesspool near the housing unit because he did not allege any physical injuries resulting therefrom); *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999) (finding that a prisoner complaining about his placement in administrative segregation failed to demonstrate a physical injury as required by § 1997e(e) sufficient to support a claim for monetary damages); *Alexander v. Tippah County, Mississippi*, 351 F.3d 626, 630-31 (5th Cir.2003), *cert. denied*, 541 U.S. 1012, 124 S.Ct. 2071, 158 L.Ed.2d 623 (2004) (nausea and vomiting caused by raw sewage on floor of jail cell was *de*

*minimis* ).

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

In Chambers, Monroe, Louisiana, August 12, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE